IN THE UNITED STATES COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| DENNIS C. WALKER | § | PLAINTIFF |
|---|---|---|
| | § | |
| v. | § Civil Action No.1:09V487HSO-JMR | |
| | § | |
| GAIL PETTY-JOHNSON | § | DEFENDANT |

## ORDER DENYING DEFENDANT'S MOTION
## FOR RECONSIDERATION OF REMAND ORDER

This cause comes before the Court upon the Motion of Gail Petty-Johnson ("Defendant"), filed September 21, 2009 [13-1], for Reconsideration of the Memorandum Opinion and Order to Remand the above styled and numbered civil action to the Circuit Court of Jackson County, Mississippi. Plaintiff, Dennis Walker ("Plaintiff"), filed a Response in Opposition to Defendant's Motion on September 24, 2009 [15-1]. Defendant filed a Reply on October 2, 2009 [17-1]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Defendant's Motion is not well-taken and should be denied.

Defendant states that this Court "did not consider precedent in this division, whereby District Judge Guirola applied the factors set forth in *Brown v. Mutual of New York Life Ins. Co.*, 213 F. Supp. 2d 668 (S.D. Miss. 2002) ... and *Stein v. Gardner*, 2005 WL 1362258 (S.D. Miss. May 20, 2005)." Def.'s Mot. for Reconsideration, fn. 2. While the Court's opinion did not specifically cite to these

1

cases, they were in fact closely reviewed and considered as part of the Court's original analysis of the issues presented.

"[T]he burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction, and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof." *Brown*, 213 F. Supp. 2d at 669. It is noteworthy that the Court in *Brown*, after evaluating the factors weighing in favor of and against a particular domicile, observed that the facts did not "necessarily point strongly to one state or the other." *Id*. at 671. In the end, the Court found diversity lacking and remanded the case. *See id*. at 672.

With respect to *Stein*, indeed the Court there did make a finding of Pennsylvania residency after it decided that numerous factors weighing in favor of Pennsylvania residency were present. These included the plaintiff being registered to vote in Pennsylvania and having a valid Pennsylvania driver's license. Defendant in this case, however, held a Mississippi driver's license and was registered to vote in Mississippi. In addition, it was clear that, unlike Defendant here, who intends to retain her Mississippi home as a vacation home, Stein had never owned a home in Mississippi.

Defendant professes her intent to make New Jersey her domicile at the time Plaintiff's Complaint was filed. *See* Def.'s Aff. ¶ 14, att. as Ex. "2" to Def.'s Resp. to Mot. to Remand.

> [i]t is said that '[i]n determining one's 'citizenship' or 'domicile' statements of intent are entitled to little weight when in conflict with

2

facts.' *Hendry v. Masonite Corp.,* 455 F.2d 955, 956 (5th Cir. 1972)(*citing Welsh v. American Surety Co. of New York,* 186 F.2d 16 (5th Cir. 1951)).

*Brown v. Mutual of New York Life Ins. Co.,* 213 F. Supp. 2d 667, 672 (S.D. Miss. 2002).

The Court agrees that the factual scenario in this case presents a close question. However, as the Fifth Circuit has clearly stated:

> ...removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand. *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996); *Dodson v. Spillada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992).

*Merchants & Farmers Bank v. Fryar,* 2009 WL 3188241, *1 (N.D. Miss. October 1, 2009).

Based on the facts presented, this case must be remanded. To the extent Defendant, who originally opposed remand-related discovery, now seeks it, that request is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Motion of Gail Petty-Johnson ("Defendant"), filed September 21, 2009 [13-1], for Reconsideration of the Memorandum Opinion and Order to Remand July 24, 2009, should be, and is, hereby **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that the above-captioned cause is hereby remanded to the Circuit Court of Jackson County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 19th day of October, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE